

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WALTER SAYLES,

                            Plaintiff,

     v.

AMAYA,

                          Defendant.

Case No. 26-cv-01539-BAS-VET

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 2)**

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court evaluates two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.* Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiff Walter Sayles seeks pro bono counsel on the basis of his indigence, his disability, and his status as incarcerated.  (ECF No. 2.)  However, absent evidence that these factors significantly interfere with Plaintiff's ability to prosecute the case, Plaintiff has not demonstrated "extraordinary circumstances" warranting appointment of counsel. *See Olson v. Smith*, 609 Fed. Appx. 370, 373 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1165 (2016) (disabilities); *see also Signorelli v. Hughes*, 363 Fed. Appx. 455, 456 (9th Cir. 2010); (disabilities); *Bolton v. Towing*, No. 523CV00941JLSAJR, 2023 WL 8168951, at *1 (C.D. Cal. Nov. 9, 2023) (homelessness); *Webb v. NaphCare, Inc.*, 2022 WL 2192977, at *2 (W.D. Wash. Jun. 16, 2022) (homelessness and indigence).

Plaintiff has demonstrated that, despite adverse circumstances, he has been able to continue prosecuting his case and articulating his claims without the assistance of counsel. Further, neither the facts nor the legal issues involved in this case are unusually complex. At this early point in the litigation, the Court cannot discern whether Plaintiff has a likelihood of success on the merits.  Accordingly, the Court **DENIES** Plaintiffs' motion for appointment of counsel.  (ECF No. 2.)

**IT IS SO ORDERED.**

**DATED: April 30, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv1539