**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WALTER SAYLES,
CDCR #AL4784,

                              Plaintiff,

        v.

AMAYA and JANE DOE,

                              Defendants.

Case No.:  3:26-cv-01539-BAS-VET

**ORDER DISMISSING CIVIL ACTION FOR FAILING TO SATISFY FILING FEE REQUIREMENT UNDER 28 U.S.C. § 1914(A) AND AS FRIVOLOUS UNDER 28 U.S.C. § 1915A(b)(1)**

Plaintiff Walter Sayles, a state prisoner proceeding pro se, has filed this civil rights action on March 9, 2026, under 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff claims that he was subjected to the excessive use of force while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California.  (ECF No. 1 at 2-6.)  For the reasons discussed below, this action must be dismissed.

**I.      FAILURE TO SATISFY FILING FEE REQUIREMENT**

This action must be dismissed because Plaintiff did not pay the $405 civil filing fee required by 28 U.S.C. § 1914(a) or move to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  Therefore, his case is subject to dismissal for failure to satisfy the filing fee requirement.

1

26cv1539

## II.     SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

Despite this case being subject to dismissal for failure to satisfy the filing fee requirement, the Court must also screen Plaintiff's complaint under the Prison Litigation Reform Act ("PLRA"), which requires courts to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.  28 U.S.C. § 1915A(a), (c).  Specifically, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune."  28 U.S.C. § 1915A(b)(1)-(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Plaintiff's Complaint in this action is subject to *sua sponte* dismissal because it is duplicative of another ongoing civil action he recently filed in this Court.  *See Sayles v. Amaya, et al.*, No. 3:26-cv-0174-AJB-JLB (S.D. Cal.) ("*Sayles I*").   (ECF No. 1 [Complaint], ECF No. 11 [Amended Complaint]).

Plaintiffs "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted).  In assessing whether two matters are duplicative, courts apply "federal claim-preclusion principles," which examine whether the "second suit involves (1) the same causes of action as the first; and (2) the same parties." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (citations omitted).

The Complaint docketed here (*"Sayles II"*) alleges RJD personnel, including Defendants Amaya and Jane Doe, "mistreated and target[ed]" Plaintiff in "June 2025." (ECF No. 1 at 3.)  Plaintiff accuses "Officer Amaya" and "Seargeant Jane Doe" of, *inter*

*alia*, punching and choking him while he was on the ground in restraints after he had come in from a recreation yard "to the unit of 15 Block." (ECF No. 1 at 3). He asserts that both Defendants violated the Eighth Amendment to the U.S. Constitution. (*Id.* at 5-6.)

Similarly, in *Sayles I*, Plaintiff filed a Complaint and motion to proceed IFP on January 2, 2026. (*See Sayles I*, ECF Nos. 1-2.) On February 11, 2026, the Court granted him leave to proceed IFP, screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and dismissed with leave to amend. (*See Sayles I*, ECF No. 9].

On February 23, 2026, in *Sayles I*, Plaintiff filed an Amended Complaint. (*Sayles I*, ECF No. 11-1 at 3-4.) In it, Plaintiff alleges excessive force by Defendants Amaya and Doe at RJD on June 2, 2025. (*See Sayles I*, ECF 11-1 at 3-4.). He alleges that Amaya took Plaintiff "to the ground" and punched him "twice with a closed fi[st]." (*Id.* at 3.) He further claims that, once Amaya had Plaintiff on the ground and placed him in restraints, Doe kneeled down and choked him. (*Id.* at 4.) As in the instant matter, Plaintiff alleges that Amaya and Doe used excessive force in violation of the Eighth Amendment. (*Id.* at 3-4.) Thus, Plaintiff is bringing the same claims against the same defendants in both cases. *Mendoza*, 30 F.4th at 886.

On May 1, 2026, the Court in *Sayles I* directed issuance of summons and service on Defendant Amaya (*See Sayles I*, ECF No. 16).

Because Plaintiff is currently litigating the same claims presented in this action against the same defendants in *Sayles I*, the Court will dismiss this duplicative and subsequently filed civil case under 28 U.S.C. § 1915A(b)(1). Since the duplicity of Plaintiff's pleading is a defect that cannot be cured, the dismissal is without further leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## III.    CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that this civil action is **DISMISSED** based on Plaintiff's failure to pay the civil filing required by 28 U.S.C. § 1914(a), his failure to move

26cv1539

to proceed IFP pursuant to 28 U.S.C. § 1915(a), and as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the dismissal of this case will operate without prejudice to Plaintiff's pursuit of his claims as alleged in *Sayles v. Amaya*, *et al.*, S.D. Cal. Civil Case No. 24-cv-0174-AJB-JLB. Plaintiff is advised that any further filings he wishes to submit for Judge Battaglia's consideration in *Sayles I*, must clearly include reference to **Civil Case No. 26-cv-0174-AJB-JLB**. The Clerk of Court will **TERMINATE** Civil Case No. 26-cv-01539-BAS-VET and close the file.

**IT IS SO ORDERED.**

**DATED: May 12, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1539